[Cite as *State v. Williams*, 2017-Ohio-7492.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160755 |
| | | TRIAL NO. B-1601689 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT WILLIAMS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  September 8, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Timothy J. Bicknell*, Assistant Public Defender, for Defendant-Appellee.

**MILLER, Judge.**

{¶1}    Plaintiff-appellant the state of Ohio has appealed the judgments of the Hamilton County Court of Common Pleas granting defendant-appellee Robert Williams's motion to dismiss the indictment charging him with failing to give notice of an address change and failing to verify his current address and his motion to "cancel" his duty to register under R.C. Chapter 2950.  We affirm the trial court's judgments.

{¶2}    In 2006, Williams pleaded guilty to attempted abduction, without a sexual-motivation specification, and menacing by stalking.  He was sentenced to concurrent terms of 18 months' imprisonment.  Upon his release from prison, a prison official attempted to notify Williams of registration duties under R.C. Chapter 2950.  The notification form, which Williams did not sign, states that Williams is a "Tier I Child Victim Offender," and that he is required to register annually for 15 years.

{¶3}    In this matter, Williams was indicted for failing to notify the Hamilton County Sheriff of an address change and failing to verify his current address.  Williams filed a motion to dismiss the indictment, arguing that he could not be required to register as a sex offender because attempted abduction without a sexual motivation is not a sex offense, nor could he be required to register as a child-victim offender because no court had made findings regarding the age or status of the victim of his attempted-abduction offense.  The trial court agreed and dismissed the indictment.

{¶4}    The state filed a "motion for reconsideration," to which it attached various documents purporting to show that Williams was a child-victim offender because his victim was under the age of 18 and not his child.  Williams made an oral

motion to "cancel" his duty to register. Following a hearing, the trial court struck the state's motion as a nullity and granted Williams's oral motion, stating that Williams "has no lawful duty to register as a sex offender in the State of Ohio" and ordering the sheriff "to remove [Williams's] name and information from the sex offender registry forthwith."

{¶5} The state appealed. The state's notice of appeal states that it is appealing the trial court's judgment dismissing the indictment and its judgment granting Williams's motion to "cancel" his duty to register. However, the state has not raised an assignment of error as to the trial court's judgment granting Williams's motion to "cancel" his duty to register.

{¶6} The state's sole assignment of error alleges that the trial court erred in granting Williams's motion to dismiss the indictment because Williams has a duty to register as a child-victim-oriented offender. We note initially that the notification of registration duties given to Williams by the prison official states that Williams is a "Tier I Child Victim Offender." He is not. "Tier I" indicates that the offender is required to register under Ohio's version of the Adam Walsh Act, which became effective January 1, 2008. Because Williams committed his offense in 2006, he falls under former R.C. Chapter 2950, Megan's Law. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (holding that applying the Adam Walsh Act to a defendant who committed his offense prior to its enactment violates Article II, Section 28 of the Ohio Constitution). So Williams was correct in alleging that he has no duty to register under the Adam Walsh Act.

{¶7} The state argues that even though Williams is not required to register under the Adam Walsh Act, he is required "by operation of law" to register under Megan's Law as a child-victim-oriented offender.

3

{¶8} Under former R.C. 2950.01(S)(1)(a), attempted abduction was a child-victim-oriented offense if it was "committed by a person eighteen years of age or older, when the victim of the violation [was] under eighteen years of age and [was] not a child of the person who [committed] the violation." Only after the trial court had entered its judgment granting Williams's motion to dismiss the indictment, did the state attempt to show the age and status of the victim through documents attached to its "motion to reconsider." But the trial court determined that the state's attempt to supplement the record was improper, and the court struck the motion and the attached documents on the basis that the state's "motion for reconsideration" was "a nullity." The state has not assigned any error as to the trial court's "nullity" determination and has not argued that the court erred in striking the motion and the documents.

{¶9} There simply is nothing in the record to show the age of the victim or that the victim was not Williams's child, prerequisites for requiring Williams to register as a child-victim-oriented offender under Megan's Law. Therefore, the trial court did not err in granting Williams's motion to dismiss the indictment. The state's sole assignment of error is overruled.

{¶10} The judgments of the trial court are affirmed.

Judgments affirmed.

**CUNNINGHAM, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry this date.

4